# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:17-CR-36-ALM-BD |
| | § | |
| RAFAEL MIRANDA | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This report and recommendation addresses a petition for revocation of the defendant's supervised release. Dkt. 48; *see* Dkt. 6 (referral order); Entry for Sept. 6, 2024 (reassigning case to Magistrate Judge Bill Davis).

### PROCEDURAL HISTORY

In 2018, United States District Judge Amos L. Mazzant sentenced defendant Rafael Miranda to 36 months of imprisonment followed by three years of supervised release. Dkt. 34 at 1–3. Miranda's term of supervised release commenced in 2020. Dkt. 48 at 1 (sealed).

In 2022, a probation officer petitioned the court for a warrant, alleging that Miranda had violated two conditions of his supervised release. Dkt. 38 at 1–2 (sealed). Although the probation officer amended the petition to include four alleged violations, the government moved to withdraw two of them. Dkt. 48 at 1–3 (sealed); Minute Entry for Sept. 16, 2024. That left the amended petition with two active allegations: that Miranda violated the conditions of supervision that required him to (a) not commit another federal, state, or local crime; and (b) remain outside of the United States after his deportation and, upon any reentry, report to the nearest probation office within 72 hours. Dkt. 48 at 2 (sealed).

In support of those allegations, the amended petition asserted that, in 2023, Miranda was indicted in the Eastern District of Texas for reentry of a deported alien. *Id.* (referencing cause number 4:23-CR-00111). He was convicted of that charge and sentenced to 60 months imprisonment followed by a three-year term of supervised release. *See* No. 4:24-CR-00111-SDJ-

ADG, *United States v. Miranda-Merlan* (Dkt. 28). Through counsel, Miranda responded to the amended petition, arguing for leniency in sentencing and attaching statements in support. Dkt. 54; Dkt. 54-1 at 1–4 (sealed).

A final revocation hearing before me began on September 16, 2024, and, after a continuance, concluded on September 25, 2024. On the first day of the hearing, Miranda pleaded true to the two active allegations. Minute Entry for Sept. 16, 2024. He also consented to revocation of his supervised release and waived his right to object to my then-forthcoming proposed findings and recommendations. *Id.*; Dkt. 55. The government requested a sentence of 21 months, which is within the federal sentencing guidelines; Miranda requested a sentence of 12 months, which is outside of the guidelines. After hearing argument from counsel and Miranda's own statement, the court took the matter under advisement. Audio recording (Sept. 16, 2024) (on file with the court). On the second day of the hearing, the court announced what its recommendation would be, then confirmed that Miranda still wanted to waive all of the rights he waived on September 16. Audio recording (Sept. 25, 2024) (on file with the court).

## RECOMMENDATION

In accordance with the Sentencing Reform Act of 1984, and having considered both parties' arguments, the court recommends that: (1) allegations one and four in the amended petition for revocation of Miranda's supervised release, Dkt. 48, be dismissed; (2) Miranda's supervised release be revoked based on allegations two and three in that petition, *id.*; (3) Miranda be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 21 months, to run consecutive to any other term of imprisonment, with no supervised release to follow; and (4) Miranda be placed at FCI El Reno in El Reno, Oklahoma, if appropriate.

In making that recommendation, the court rejects Miranda's request for a downward departure or variance. *See* Dkt. 54 at 3–5 (sealed); Dkt. 54-1 at 1–4 (sealed); audio recording (Sept. 16, 2024). Having considered the factors in 18 U.S.C. § 3553(a), *see United States v. Jacobs*, 635 F.3d 778, 782 (5th Cir. 2011), the court finds that factors (2)(B) and (C) weigh against Miranda's request. Miranda has been deported twice, has illegally reentered the United States several times, and has

committed dangerous crimes after his illegal reentries. *See* Dkt. 31 at 9–10, 12 (sealed); Dkt. 48 (sealed); Dkt. 54 at 1 (sealed). And that is just part of his extensive criminal history. *See* Dkt. 31 at 5–10.

Miranda was granted a variance in 2018 when he was first convicted of illegal reentry, Dkt. 35 at 3, and nevertheless continued to commit crimes in the United States. *See* Dkt. 31 at 9–10, 12 (sealed); Dkt. 48 (sealed); Dkt. 54 at 1 (sealed). Another downward departure or variance is not warranted.

So ORDERED and SIGNED this 30th day of September, 2024.

_____
Bill Davis
United States Magistrate Judge